UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**ARMIN SANABRIA ALZERRECA**                **CASE NO.  1:25-CV-02080 SEC P**

**VERSUS**                                  **JUDGE TERRY A. DOUGHTY**

**KRISTI NOEM ET AL**                       **MAGISTRATE JUDGE PEREZ-MONTES**

MEMORANDUM RULING

Before the Court is a Petition for Writ of Habeas Corpus [Doc. No. 1] ("Habeas Petition") and a Motion for Preliminary Injunction [Doc. No. 5] filed by Petitioner, Armin Sanabria Alzerreca ("Petitioner"). Respondents filed a Response to the Motion for Preliminary Injunction [Doc. No. 13], and Petitioner did not file a reply. After carefully considering the filings before the Court and the applicable law, the Motion [Doc. No. 5] is **DENIED AS MOOT** and the Habeas Petition [Doc. No. 1] is **DISMISSED**.

I.   BACKGROUND

Petitioner is a citizen of Bolivia.[1] In 2023, Petitioner illegally entered the United States without inspection and was subsequently paroled under § 212(d)(5) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 118(d)(5).[2] On or about February 8, 2023, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal with the U.S. Citizenship and Immigration Services

---

[1] [Doc. No. 1, p. 3].
[2] [Doc. No. 4-1, p. 2]; [Doc. No. 1, p. 4].

("USCIS").[3] On February 28, 2025, Petitioner filed Form I-485, Application to Adjust his Status, and Petitioner's wife filed a Form I-130, Petition for Alien Relative.[4] Both remain pending.[5] There is a writ of mandamus pending, for prompt adjudication of Petitioner's Application to Adjust Status, against USCIS in the United States District Court for the Southern District of New York.[6]

On July 17, 2025, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear and the United States Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner at the New York Asylum Office in Bethpage, New York.[7] Petitioner was then moved to Winn Parish Correctional Facility in Winnfield, Louisiana, where he remains detained.[8] On August 8, 2025, DHS filed a motion to pretermit Petitioner's asylum application before the Immigration Court and argued Petitioner be removed to Honduras, pursuant to a third-country removal agreement between the United States and Honduras.[9] Despite Petitioner's objections, the Immigration Judge granted DHS's motion to pretermit.[10]

On October 21, 2025, the Immigration Judge ordered Petitioner removed to Honduras, via third-country removal.[11] A notice of appeal was timely filed by the Petitioner and remains pending before the Board of Immigration Appeals.[12]

---

[3] [Doc. No. 4-1, p. 2].
[4] [Doc. No. 1, pp. 4–5].
[5] [Id.].
[6] [Doc. No. 5, p. 3 at ¶ 7].
[7] [Doc. No. 1, p. 5].
[8] [Id.].
[9] [Id.].
[10] [Id.].
[11] [Id.].
[12] [Doc. No. 4-1, p. 3].

Petitioner filed the Habeas Petition in this Court on December 19, 2025, seeking immediate release from custody and alleging his continued detention violates his due process rights.[13] Petitioner further alleges that ICE officers have failed to provide his prescription medication, thereby rendering his detention "punitive and inhuman."[14]

On December 29, 2025, Petitioner filed the Motion for Preliminary Injunction ("PI"), seeking to enjoin Respondents from continuing to detain him and requesting immediate release from custody so that "he may obtain necessary medical treatment in New York."[15] Petitioner asserts he is "permanently disabled and suffers from severe, chronic pain arising from documented medical conditions that predate his detention."[16] He argues ICE has failed to provide adequate medical care to manage his pain, alleging his requests for surgical treatment and adequate pain medication have been met only with "five-day supplies of over-the-counter pain medication."[17] Petitioner further alleges ICE's medical treatment amounts to "deliberate indifference to [his] serious medical needs" and violates his due process rights.[18] According to Petitioner, "the surgeries and pain management care [he] requires" for his disabilities "are immediately available in New York, but are inaccessible to him solely because of his continued ICE detention."[19] Thus, in both his Habeas Petition

---

[13] [Doc. No. 1, pp. 6–7].
[14] [Id. at p. 7].
[15] [Doc. No. 5, p. 5].
[16] [Id., p. 3 at ¶ 3].
[17] [Id. at ¶ 5].
[18] [Id. at p. 4].
[19] [Id., p. 3 at ¶ 9].

and Motion, Petitioner argues that his continued detention violates his right to due process and seeks immediate release from detention.[20]

The parties briefed all relevant issues, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Petitioner's Claims are not Cognizable in the Habeas Context

Petitioner's Habeas Petition seeks immediate release from ICE custody predicated on his medical conditions and inability to receive surgeries to alleviate his pain while in immigration detention.[21] Petitioner is not so entitled.

The writ of habeas corpus is a device "used to test the legality of a given restraint on liberty." *Jones v. Cunningham*, 371 U.S. 236, 238 (1963); *see also* 28 U.S.C. § 2241(c)(3) (Section 2241 provides a district court with jurisdiction over petitions for habeas corpus where a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."). "Simply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose. While it is correctly alluded to as the Great Writ, it cannot be utilized as . . . a springboard to adjudicate matters foreign to the question of the legality of custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). "Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures

---

[20] [Id. at pp. 4–5]; [Doc. No. 1, pp. 6–9].
[21] [Doc. No. 1, p. 6].

affecting conditions of confinement are properly brought in civil rights actions." *Schipke v. Van Buren*, 239 F. App'x 85, 85–86 (5th Cir. 2007). "A § 2241 habeas petition is the proper procedural vehicle for challenging an action that 'directly implicates the duration of' a prisoner's confinement.'" *Davis v. Fechtel*, 150 F.3d 486, 487, 490 (5th Cir. 1998). "It is not, however, the proper procedural vehicle for claims . . . regarding the conditions of confinement." *Boyle v. Wilson*, 814 F. App'x 881, 882 (5th Cir. 2020). "[A] habeas petition 'is the proper vehicle to seek release from custody,' while a civil rights suit pursuant to 42 U.S.C. § 1983 for a state prisoner or under *Bivens* for a federal prisoner is 'the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.'" *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (quoting *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997)).

In *Moore v. King*, No. 08-CV-60164, 2009 WL 122555, at *1 (5th Cir. Jan. 20, 2009), for instance, the petitioner sought habeas relief, challenging the conditions of his confinement. The Fifth Circuit affirmed the district court's dismissal of his claim, citing *Pierre* for the rule that habeas is simply not available. *Id.*

Applying the above precedents, because Petitioner seeks release on account of his medical pain while in detention, and not on the basis that ICE is without legal authority to detain him, his claims are not cognizable in the habeas context. *See Mora v. Warden, Fed. Corr. Complex, Yazoo City Medium*, 480 F. App'x 779, 780 (5th Cir. 2012) (affirming dismissal of a 2241 petition as "not cognizable" because it related to the petitioner's "medical needs, and a determination in his favor would not result in

his accelerated release"); *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009) ("[T]he district court found it could not grant her relief pursuant to Section 2241 because her application was 'not in reference to the imposed sentence—but for medical needs.' We agree."); *McBarron v. Jeter*, 243 F. App'x 857, 857 (5th Cir. 2007); *Watson v. Briscoe*, 554 F.2d 650, 652 (5th Cir. 1977).

Furthermore, the claims of lack of sufficient pain medication or medical procedures to alleviate his pain while detained are unrelated to the cause of Petitioner's detention.[22] So, the Habeas Petition is dismissed for lack of jurisdiction.[23]

### B. Petitioner is Not Entitled to Injunctive Relief

As the Court does not have jurisdiction to consider the merits of Petitioner's conditions of confinement claim, Petitioner's PI seeking release from detention should accordingly be dismissed as moot.[24]

### C. Attorney's Fees and Bond Security

Since the Court does not find Petitioner is authorized a PI or granted his Habeas Petition, it does not address Petitioner's request for attorney's fees under the Equal Access to Justice Act,[25] nor Respondents' request that Petitioner pay a bond

---

[22] [Id. at p. 8].
[23] If Petitioner wants to pursue a civil rights action, he must file a separate proceeding, utilizing the appropriate complaint form.
[24] *See Francois v. Garcia,* No. 5:20-218, 2020 WL 7868101, at * 676 (S.D. Tex. Dec. 24, 2020) (dismissing Petitioner's writ of habeas corpus challenging conditions of confinement for lack of jurisdiction and denying his motion for a temporary restraining order as moot); *Nogales v. Dep't of Homeland Sec.*, 524 F.Supp.3d 538, 544–45 (N.D. Tex. 2021) (finding the petitioner's attack on "his conditions of confinement independently of any question related to the fact or duration of his detention" was not cognizable in habeas review, and denying the petitioner's request for injunctive relief because "the fact that [the petitioner] seeks release does not transform his civil-rights claims into a proper habeas action."), *aff'd*, No. 21-10236, 2022 WL 851738 (5th Cir. 2022).
[25] [Doc. No. 1, p. 9].

security.[26] "If it is not necessary to decide more, it is necessary not to decide more." *PDK Labs., Inc. v. United States DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in judgment).

### III.   CONCLUSION

For these reasons,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Petitioner's Writ of Habeas Corpus [Doc. No. 1] pursuant to 28 U.S.C. § 2241 concerning his conditions of confinement and medical care is **DISMISSED WITH PREJUDICE** for lack of jurisdiction, but **WITHOUT PREJUDICE** to his right to raise the claims in a separate civil rights action.

**IT IS FURTHER ORDERED** that Petitioner's Motion for a Preliminary Injunction [Doc. No. 5] is **DENIED AS MOOT**.

MONROE, LOUISIANA, this 9th day of February 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[26] [Doc. No. 13, p. 19].